FILED

2017 SEP 29 AM 11: 07

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PROGRESSIVE EXPRESS INSURANCE
COMPANY, an Ohio corporation,

   Plaintiff,

vs.

CASE NO.: 3:17-cv-1096-J-32MCR

TIMOTHY W. GRACE, SOUTHEAST
CRANE SERVICE, INC., a Florida
corporation, and MICHAEL BRYANT,

   Defendant.

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

PROGRESSIVE EXPRESS INSURANCE COMPANY ("PROGRESSVE"), on Ohio corporation, by and through its undersigned attorneys, files this Complaint for Declaratory Judgment against TIMOTHY W. GRACE ("GRACE"), SOUTHEAST CRANE SERVICE, INC. ("SOUTHEAST CRANE"), a Florida corporation, and MICHAEL BRYANT ("BRYANT"), and alleges as follows:

1.  This is an action for declaratory judgment pursuant to Title 28 U.S.C. § 2201.

### PARTIES, JURISDICTION AND VENUE

2.  Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

3.  At all times material hereto, Plaintiff, PROGRESSIVE, was a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

4. At all times material hereto, Defendant, GRACE, was a citizen of the State of Florida and resided in Duval County, Florida.

5. At all times material hereto, Defendant, SOUTHEAST CRANE, was a Florida corporation authorized to do and doing business in Duval County, Florida.

6. At all times material hereto, Defendant, BRYANT, was a citizen of the State of Florida and resided in Duval County, Florida.

7. This court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a)(1), because diversity of citizenship exists as between PROGRESSIVE, on the one hand, and Defendants, on the other, and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the Defendants reside in the district, the insurance policy at issue was entered into in this district, and the events giving rise to the insurance claim at issue occurred in this district.

## THE PROGRESSIVE POLICY

9. PROGRESSIVE issued a Commercial Automobile Insurance Policy under Policy No. 02116714-9, for the policy period from April 29, 2016 to April 29, 2017 (the "Commercial Auto Policy"). The Commercial Auto Policy insured a 1999 GMC Flatbed Truck, VIN 1GDM7H1C0XJ503063 (the "Flatbed Truck"). A copy of the Commercial Auto Policy is attached hereto as Exhibit "A" and is incorporated by reference herein.

10. The Commercial Auto Policy provides, in pertinent part, as follows:

### GENERAL DEFINITIONS

2. **"Auto"** means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include **mobile equipment**....

\*\*\*

5. **"Insured auto"** or **"your insured auto"** means:
   a. Any **auto** specifically described on the **declarations page**....

   \*\*\*

8. **"Mobile equipment"** means any of the following types of land vehicles including, but not limited to, any attached machinery or equipment:
   d. Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:

      (i) Power cranes, shovels, loaders, diggers or drills....

   \*\*\*

However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle law are considered **autos**.

## PART I – LIABILITY TO OTHERS

**INSURING AGREEMENT - LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages ... for **bodily injury** ... for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**....

<u>**EXCLUSIONS**</u> - PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I - LIABILITY TO OTHERS.

Coverage under this Part I, including our duty to defend, does not apply to:

13. **Operations**
    **Bodily injury, property damage,** or **covered pollution cost or expense** arising out of the operation of:

    b. machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law where it is licensed or principally garaged.

   \*\*\*

**MOBILE EQUIPMENT AS INSURED AUTOS ENDORSEMENT**

3

**PART I - LIABILITY TO OTHERS**

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY** is modified as follows:

B. When used in PART I - LIABILITY TO OTHERS, **insured auto** also includes:

   2. **Mobile equipment** while being carried or towed by an **insured auto**....

## THE ACCIDENT AND DAMAGES CLAIMED

11. On September 28, 2016, SOUTHEAST CRANE was hired by George Kessler, of KEG Construction Company, a framing company, to supply and operate a crane, at a jobsite located at 13865 Pleasantville Drive North, Jacksonville, Florida 32225, for the purpose of removing old trusses which had been burned in a residential house fire, and replacing them with new trusses. Defendant, GRACE, the president of SOUTHEAST CRANE, acting in the course and scope of his employment with SOUTHEAST CRANE, drove the Flatbed Truck, onto which was permanently affixed, a power crane, to the jobsite. After having parked the Flatbed Truck at an appropriate location, Defendant, GRACE, exited the cab of the Flatbed Truck and began to operate the power crane. While operating the power crane to move a truss, Defendant, GRACE, allegedly caused the truss to strike Defendant, BRYANT, who was also working at that jobsite, and who was perched on another truss approximately 20 feet above the floor of the building, causing him to fall to the floor and sustain serious bodily injury (the "Accident").

12. As a result, BRYANT has made a demand for settlement to PROGRESSIVE for damages under the Commercial Auto Policy based on the alleged negligence of Defendant, GRACE.

## GROUNDS FOR DECLARATORY JUDGMENT

13. PROGRESSIVE contends that although the power crane meets the definition of "mobile equipment", since the power crane was not being carried or towed by the Flatbed Truck at the time of the Accident but was being operated while the Flatbed Truck was stationary, the power crane does not meet the definition of an "insured auto" under the "Mobile Equipment as Insured Autos endorsement" and, therefore, the Commercial Auto Policy does not provide coverage for the bodily injury sustained by BRYANT in the Accident.

14. Moreover, PROGRESSIVE contends that coverage for BRYANT's bodily injury is excluded under Exclusion 13 of the Commercial Auto Policy as BRYANT's bodily injury arose out of the use of the power crane which was attached to the Flatbed Truck which Flatbed Truck would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law.

15. PROGRESSIVE therefore contends that it has no duty to indemnify GRACE or SOUTHEAST CRANE for any damages that have been claimed by BRYANT as a result of injuries sustained in the accident and that should a lawsuit be brought by BRYANT against GRACE or SOUTHEAST CRANE as a result of the Accident, it has no duty to defend GRACE or SOUTHEAST CRANE in that lawsuit.

16. There exists an actual present and practical need for the declaration of coverage under the Commercial Auto Policy and the rights and obligations of PROGRESSIVE.

17. There exists a present, ascertained or ascertainable set of facts or present controversy as to a state of facts concerning the rights and obligations of PROGRESSIVE under the Commercial Auto Policy.

18. The rights and obligations of PROGRESSIVE under the Commercial Auto Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Commercial Auto Policy.

19. PROGRESSIVE and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

20. All proper and present antagonistic interests are before the court by proper process.

21. PROGRESSIVE is in doubt with respect to its rights under the Commercial Auto Policy and, by this Complaint, seeks a declaration of its rights and obligations under the Commercial Auto Policy with respect to claims asserted against PROGRESSIVE.

22. Pursuant to the provisions of Fed. R. Civ. P. 57 and 27 U.S.C. §§ 2201 and 2202, this court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances.

WHEREFORE, PROGRESSIVE respectfully requests this court to enter a declaratory judgment concerning the Commercial Auto Policy and the declare the existence or non-existence of any immunity, privilege or right, or any other fact upon which the existence or non-existence of such immunity, power, privilege or right may depend, including the following:

a. The Commercial Auto Policy does not provide bodily injury liability coverage to GRACE or SOUTHEAST CRANE as a result of the Accident;

b. That PROGRESSIVE has no duty to indemnify GRACE or SOUTHEAST CRANE for any damages being claimed by BRYANT;

c. That should a lawsuit be brought by BRYANT for his damages as a result of the accident, that PROGRESSIVE has no duty to defend GRACE or SOUTHEAST CRANE in that lawsuit; and

d. Such other relief as the court may deem just and proper.

DATED: September 25, 2017

                              Respectfully submitted,

                              /s/

                              Stuart J. Freeman, Esquire
                              Florida Bar No. 237493
                              FREEMAN, GOLDIS & CASH, P.A.
                              2553 First Avenue North
                              Post Office Box 12349
                              St. Petersburg, Florida 33733-2349
                              Phone: (727) 327-2258
                              Fax:   (727) 328-1340
                              stuart.freeman@fgclawfirm.com

                              Attorneys for Plaintiff